110 F.3d 67
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manuel CONTRERAS-QUINTERO, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-15805.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 21, 1997.
 
 1
 Before: CHOY, BRUNETTI, and FERNANDEZ, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Manuel Contreras-Quintero, a federal prisoner, appeals the district court's order (on remand) which denied his 28 U.S.C. § 2255 challenge to his conviction of possession with intent to distribute cocaine and conspiracy to possess a controlled substance. Contreras-Quintero asserted that he was denied effective assistance of counsel. In Quintero v. United States, 33 F.3d 1133 (9th Cir.1994),[1] we remanded for an evidentiary hearing to determine whether a conflict of interest affected Contreras-Quintero's counsel's performance when she allegedly urged him to reject a plea agreement. We affirm.
 
 
 4
 The possibility that an attorney had a conflict of interest is insufficient to impugn a criminal conviction. See Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). In order to demonstrate a Sixth Amendment violation, "the defendant must show: 1) his attorney actively represented conflicting interests, and 2) an actual conflict of interest affected his attorney's performance." Fitzpatrick v. McCormick, 869 F.2d 1247, 1251 (9th Cir.1989); see also Strickland v. Washington, 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984).
 
 
 5
 In Quintero I, we held that "[a] drug conspiracy case involving large quantities of cocaine, fees paid by unknown third parties, and the potential for unindicted co-conspirators may be sufficient to demonstrate active representation of conflicting interests." 33 F.3d at 1135 (emphasis added). Because it was unclear who had paid for Contreras-Quintero's defense, we concluded that "Quintero passed the first prong of Fitzpatrick " and remanded for an evidentiary hearing to determine if actual conflicts affected his attorney's representation. Id.
 
 
 6
 The district court conducted a hearing, received evidence and determined that the conflict, which we declared existed, did not actually affect the attorney's performance. Specifically, the court said, there was no improper rejection of a plea agreement because there never was an offer of an agreement that Contreras-Quintero or his co-defendants would accept. Those factual determinations were not clearly erroneous. See Sanders v. Ratelle, 21 F.3d 1446, 1451-52 (9th Cir.1994); United States v. Garcia, 997 F.2d 1273, 1283 (9th Cir.1993). They required denial of the petition.
 
 
 7
 Contreras-Quintero now attempts to raise additional issues. However, they were not within the scope of our remand. In fact, one of them--mistake--was expressly rejected by us in Quintero I, 33 F.3d at 1136.[2] The district court was not required to expand the scope of that remand. Indeed, it could not. See United States v. Davis, 714 F.2d 896, 901 (9th Cir.1983). At any rate, the added claims are without merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Hereinafter Quintero I
 
 
 [2]
 The other is that if he had known that his mistake defense was otiose, he could have pled guilty